IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

YVELAN PIERRE,

    Plaintiff,

v.                                CASE NO. 4:15-cv-148-RH-GRJ

D. PADGETT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 89, Defendants' Motion for Summary Judgment.[1] Plaintiff has filed a response in opposition to Defendants' motion for summary judgment. (ECF No. 91.) The motion is, therefore, ripe for review. For the reasons explained below, the Court recommends that Defendants' motion be granted in part and denied in part.

### I.  INTRODUCTION

Plaintiff, an inmate in the custody of the Florida Department of

---

[1] Defendants Padgett, Sadler, Slaughter, and Lahr ("Defendants") filed this motion for summary judgment. Service has yet to be executed on Defendants Coulliette and Freeman.

Corrections ("FDOC"), is proceeding *pro se* pursuant to 42 U.S.C. § 1983. (ECF No. 1 ("Compl.").) Plaintiff's claims against Defendants center around an incident that occurred at Taylor Correctional Institution Annex ("Taylor C.I. Annex") while Plaintiff was incarcerated there. (Compl.) Plaintiff alleges that Defendants violated his Eighth, Fourteenth, and First Amendment rights by using excessive force in retaliation for Plaintiff filing grievances against FDOC officers. (*Id.* at 6.)

Defendants filed a motion for summary judgment, arguing three grounds: (1) Plaintiff is not entitled to compensatory or punitive damages because he has not shown that he suffered a physical injury, (2) Plaintiff is not entitled to nominal damages because he failed to request any damages other than compensatory and punitive damages, and (3) Defendant Padgett is entitled to qualified immunity. (ECF No. 89.) Notably, Defendants did not assert any arguments on the merits against Plaintiff's assertions that Defendants violated his First, Eighth, and Fourteenth Amendment rights.

In support of Defendants' motion, they submitted the use of force file for the incident (ECF No. 89-1), which includes MINS incident reports (*Id.* at 2–7), an FDOC Office of the Inspector General chain of custody report

(*Id.* at 8–9), FDOC report of force used (*Id.* at 10–15), FDOC emergency room records for Defendant Lahr, Defendant Slaughter, and Plaintiff (*Id.* at 16–21), FDOC incident reports from Defendants and other officers (*Id.* at 22–29), Plaintiff's witness statement (*Id.* at 30), Inmate Flagg's witness statement (*Id.* at 31), Defendant Lahr's firearm and chemical agents qualifications (*Id.* at 32), FDOC cannister history log (*Id.* at 33), Warden's summary (*Id.* at 34), and the Inspector's summary. (*Id.* at 35.)

In Plaintiff's response (ECF No. 91) he argues that (1) he is entitled to compensatory and punitive damages because he has shown that he suffered a physical injury, (2) he is entitled to nominal damages, and (3) Defendant Padgett is not entitled to qualified immunity. With his response, Plaintiff included a declaration of Terry Pryor (*Id.* at 14–16), Inmate Flagg's witness statement (*Id.* at 17), emergency room records (*Id.* at 18–23), FDOC transfer order list (*Id.* at 24), FDOC MINS incident reports (*Id.* at 25–28, 33), Plaintiff's witness statement (*Id.* at 29), Plaintiff's inmate grievances (*Id.* at 30–32), Bureau of State Investigations Case Summary (*Id.* at 34), FDOC incident reports (*Id.* at 35), FDOC charging disciplinary report (*Id.* at 36), response to Plaintiff's request for administrative remedy or appeal (*Id.* at 37–38), and an FDOC consent to mental health evaluation

or treatment. (*Id.* at 39.)

Plaintiff has not submitted any of his own sworn affidavits in opposition to summary judgment.[2] However, because Plaintiff's complaint (Compl.) is signed under penalty of perjury the Court can properly treat Plaintiff's complaint like a sworn affidavit. *See Sammons v. Taylor*, 967 F.2d 1533, 1545 n.5 (11th Cir. 1992) ("[T]his Court has recognized that facts alleged in an inmate's sworn pleading are sufficient [to defeat a properly supported motion for summary judgment] and that a separate affidavit is not necessary."). Only admissible evidence, however, may be considered. *See Munoz v. Int'l Alliance of Theatrical Stage Emp. and Moving Picture Mach. Operators of U.S. and Canada*, 563 F.2d 205, 207 n.1 (5th Cir. 1977) (noting that the "admissibility of evidence on a motion for summary judgment is subject to the general rules relating to form and admissibility at trial"); *see also Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (stating that a court cannot consider inadmissible hearsay

---

[2] Plaintiff was advised that "all material facts asserted in [a] motion [for summary judgment] will be considered admitted unless controverted by proper evidentiary materials (e.g., Plaintiff's sworn counter-affidavit, other witnesses' sworn counter-affidavits, depositions, exhibits, etc.)," and that "Plaintiff may not rely solely on the allegations of the issue pleadings (e.g., complaint, answer, etc.) in opposing the summary judgment motion." (ECF No. 56.)

when ruling on a motion for summary judgment). The Court therefore may consider the admissible sworn allegations in Plaintiff's complaint in ruling on the motion for summary judgment in addition to the evidence before the Court.

## II. PLAINTIFF'S ALLEGATIONS

Because Defendants' motion for summary judgment does not address the merits of Plaintiff's allegations of constitutional violations and instead focuses on Plaintiff's entitlement to the damages he seeks, a full review of the evidence is unnecessary. Rather, a summary of Plaintiff's allegations is provided below.

Plaintiff previously was incarcerated at Taylor C.I. Annex.[3] Plaintiff alleges that he was scheduled to be transferred from Taylor C.I. Annex to another institution. Plaintiff was then shackled with handcuffs and ankle shackles. During the process of preparing Plaintiff for transfer, Defendants Coulliette[4] and Slaughter threatened Plaintiff, stating "You think this is over

---

[3] Although Plaintiff was incarcerated at Taylor C.I. Annex at the time of the alleged incident, he is currently incarcerated at Everglades Correctional Institute. (Compl.)

[4] In Plaintiff's complaint, he refers to Defendant Coulliette as Defendant Clay. Through discovery, Plaintiff learned of his true identity: Matthew Coulliette. (ECF No. 91 at 4.)

don't you? Well we got something for you, we're going to beat your ass." (Compl. at 4.)

Defendants Lahr, Slaughter, and Freeman escorted Plaintiff from confinement, and then officers "viciously attacked" Plaintiff. Plaintiff states that these officers along with other Defendants, who arrived soon after, kicked, punched, and sprayed Plaintiff with pepper spray. (*Id.* at 4–5.)

Plaintiff states that Defendant Padgett then arrived during the attack with a camera. According to Plaintiff, Defendant Sadler told her not to record until after the officers were done beating Plaintiff. Plaintiff also states that Defendants Padgett and Freeman just stood and watched. (*Id.* at 5.)

Once the beating ended, Plaintiff states that he was held on the ground until the captain arrived. Plaintiff was then taken back into the confinement building to shower and receive medical treatment. Plaintiff also filed a staff abuse report. (*Id.*)

Plaintiff argues that this incident was retaliation for the staff abuse reports and complaints Plaintiff filed on Defendant Sadler, Padgett, and other officers. According to Plaintiff, Defendant Sadler stated, "I told you we was going to get you. I told you I would have the last say." Plaintiff

alleges that Defendants also addressed Plaintiff as "nigger" and filed a falsified disciplinary report against Plaintiff the following day. (*Id.*)

Plaintiff states that he suffered "intentional emotional stress, duress, and mental anguish" as a result of Defendants actions. As relief, Plaintiff seeks a jury trial, compensatory damages of $30,000,000 against all Defendants, and punitive damages of $10,000,000 against all Defendants. (*Id.* at 5–6.)

## III. SUMMARY JUDGEMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), the entry of summary judgment is appropriate when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988).

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this

score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987).

The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785–86 (11th Cir. 2005).

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgement stage.

*Beard v. Banks,* 548 U.S. 521, 530 (2006). Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. *See, e.g., Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

The Court must view the evidence and inferences drawn from the underlying facts in the light most favorable to the non-movant. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). But, "when

opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013) (internal quotations and citations omitted); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) (stating that to defeat summary judgment "there must be evidence on which the jury could reasonably find for the plaintiff"). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Brown v. City of Clewiston,* 848 F.2d 1534, 1540 n. 12 (11th Cir.1988) ("The summary judgment standard requires that we resolve all reasonable doubts in favor of the non-moving party, but it does not require us to resolve all doubts in such a manner.").

## IV. DISCUSSION

Plaintiff alleges that Defendants violated his Eighth, Fourteenth, and First Amendment rights when they used excessive force in retaliation against Plaintiff for filing grievances. (Compl.) Defendants, rather than arguing that no such violations occurred, argue that Plaintiff is not entitled to compensatory or punitive damages because he did not show that he

suffered a physical injury. (ECF No. 89.) Defendants further argue that Plaintiff is not entitled to nominal damages because he did not request any damages other than compensatory and punitive damages. (*Id.*) Additionally, Defendants argue that Defendant Padgett is entitled to qualified immunity.

### A. Because Plaintiff failed to show that he suffered more than a *de minimis* physical injury, Plaintiff is not entitled to compensatory or punitive damages.

Defendants argue that Plaintiff is not entitled to compensatory or punitive damages because he has failed to show that he suffered a physical injury. (ECF No. 89 at 6–12.) The Court agrees, and Defendants are entitled to summary judgment as to Plaintiff's claims for compensatory and punitive damages.

Because Plaintiff has not shown that he suffered more than a *de minimis* physical injury, Plaintiff is not entitled to compensatory or punitive damages based on the limitation on recovery provided in the Prison Litigation Reform Act ("PLRA"). Under the PLRA, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). According to the

Eleventh Circuit, the PLRA precludes claims for punitive and compensatory damages absent a showing of physical injury. *Al-Amin v. Smith*, 637 F.3d 1192, 1198 (11th Cir. 2011) (citing *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007)). Because Plaintiff seeks both compensatory and punitive damages, the relevant inquiry is whether Plaintiff has shown a physical injury.

The Court concludes that Plaintiff has failed to show the requisite physical injury for a claim for punitive or compensatory damages. "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." *Mann v. McNeil*, 360 F. App'x 31, 31 (11th Cir. 2010) (quoting *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002)). Although the injuries must be greater than de minimis, the physical injuries need not be significant. *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *op. reinstated in part on rehearing*, 216 F.3d 970 (2000).

As evidenced by the record from Plaintiff's post-use-of-force exam, Plaintiff had the following injuries: a 2½ inch by ½ inch abrasion at the top

of his left shoulder; three small abrasions on top of Plaintiff's left hand and below his second and third knuckles; abrasion on his right upper abdomen; small abrasion on left elbow; 1 inch circular abrasion on left outer knee; small oblong abrasion below right knee; abrasion over left brow and temple with bruising; small amount of blood from right nostril; and two small nodules over and behind right ear. Plaintiff also complained of pain in his lower back and neck, but there was no redness, bruising, swelling, or deformity. (ECF No. 89-1 at 20–21.) Notably, Plaintiff does not complain of any additional injuries nor does he state that he received any treatment for these injuries.

Applying Eleventh Circuit precedent, Plaintiff's injuries do not constitute injuries that are more than *de minimis*. *See Mann*, 360 F. App'x at 31 (vague back injuries and scrapes and marks on knees and legs amount to *de minimis* injuries); *Quinlan v. Pers. Transp. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (temporary chest pain, headache, and periodic episodes of back pain not more than *de minimis* injuries as they required no immediate medical attention or evidenced physical injury beyond discomfort); *Dixon*, 225 F. App'x at 799 (bruising from restraints is *de minimis* injury).

While the contours of the physical injury requirement under the PLRA

is not subject to a precise definition, one court has aptly observed that "[A] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. . . . Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)." *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997). Because Plaintiff's injuries consist of scratches, abrasions and some minor bruising, none of which required any medical treatment, Plaintiff's injuries fail to constitute more than *de minimis* injuries under the PLRA.

In short, Plaintiff has failed to prove that he suffered more than *de minimis* physical injuries, so he is precluded under the PLRA from bringing claims for punitive and compensatory damages. Therefore, Defendants are entitled to summary judgment on Plaintiff's claims for punitive and compensatory damages.

> **B.     Although Plaintiff failed to specifically request nominal damages in his complaint, Plaintiff is nevertheless entitled to a claim for nominal damages.**

Defendants also argue that Plaintiff is not entitled to nominal damages because he did not request nominal damages or include any

phrase in his complaint that the Court could liberally construe as claim for nominal damages. (ECF No. 89 at 12–14.) The Court disagrees and finds that based on Plaintiff's response he seeks nominal damages for his claims.

Although Plaintiff is precluded from bringing a claim for punitive and compensatory damages for the reasons discussed above, Plaintiff is not precluded from bringing a claim for nominal damages. "Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) (citing *Carey v. Piphus*, 435 U.S. 247, 255 (1978)); *Brooks v Warden*, 800 F. 3d 1295, 1307-08 (11th Cir. 2015)( "nothing in § 1997(e) prevents a prisoner from recovering *nominal* damages for a constitutional violation without a showing of physical injury."

 Defendants do not argue that Plaintiff would never be entitled to nominal damages in the event he could prove his allegations of constitutional violations; instead, Defendants argue that Plaintiff's request for relief fails to contemplate nominal damages.

To the extent that Defendants rely solely on the words included in

Plaintiff's complaint,[5] their argument fails upon a liberal construction of Plaintiff's claims. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Although Plaintiff did not expressly request nominal damages in his complaint, Plaintiff argued in his response to Defendants' motion for summary judgment that he is entitled to nominal damages. (ECF No. 91 at 10.) Thus, liberally construing Plaintiff's filings, the Court concludes that Plaintiff has requested nominal damages.

Altenrtively, even if the Court determined that Plaintiff failed to request nominal damages and that his complaint could not be liberally construed as requesting nominal damages, Plaintiff would be permitted to amend the prayer for relief portion of his complaint to include nominal damages. Under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so

---

[5] Plaintiff's request for relief reads as follows: "Plaintiff demands a jury trial pursuant to Federal Rule of Civil Procedure. Plaintiff request[s] compensatory damages for $30,000,000.00 against all Defendants. Plaintiff request[s] punitive damages in the amount of $10,00[0],000.00 against all defendants." (Compl. at 6.)

*Case No: 4:15-cv-148-RH-GRJ*

requires." Fed. R. Civ. P. 15(a)(2). The Court would grant leave in this instance for the purpose of Plaintiff amending his prayer for relief, and therefore granting summary judgment in Defendants' favor on this ground is inappropriate. Accordingly, Defendants' motion for summary judgment is denied as to Plaintiff's claim for nominal damages.

### C. Defendant Padgett is not entitled to qualified immunity.

Defendant Padgett asserts that she is entitled to qualified immunity with regard to Plaintiff's claims. (ECF No. 54 at 20–21.) The Court disagrees because Defendant Padgett has failed to demonstrate that her conduct did not violate any of Plaintiff's constitutional rights.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies to a government official performing a discretionary function, a court must consider two factors: (1) whether the evidence shows that the official's conduct violated a constitutional right; and (2) whether the right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A court has

the discretion to address the two prongs in either order. *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

The undisputed evidence here demonstrates that Defendant Padgett was a government official acting within her discretionary authority. Defendant was an employee at Taylor C.I. Annex at the time of the incident and thus a government official. (Compl. at 2.) "Discretionary authority" includes all actions by a government official that "were undertaken pursuant to the performance of his duties," and were "within the scope of his authority." *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)). Defendant Padgett was acting pursuant to her duties and within the scope of her authority in responding to the incident involving Plaintiff. (Compl.) Consequently, Defendant Padgett is entitled to qualified immunity unless Defendant Padgett violated clearly established constitutional rights of which a reasonable person would have known.

Plaintiff's claims regarding Defendant Padgett are as follows. Plaintiff

alleges that while other officers were beating Plaintiff, Defendant Padgett arrived with a camera. When she arrived, Defendant Sadler allegedly instructed Defendant Padgett not to start recording until the beating ended. Then, Defendant Padgett, along with Defendant Freeman, "just stood around and watched." (Compl. at 5.)

Defendant Padgett argues that Plaintiff failed to demonstrate that Defendant Padgett violated Plaintiff's Eighth Amendment rights. Defendant also argues that Plaintiff failed to point to any clearly established law that would advise that the alleged actions violated Plaintiff's rights. Defendant further states that Plaintiff did not provide any evidence that Defendant obeyed Defendant Sadler's order, if he even gave her an order about not filming, and that Plaintiff did not make any allegations of Defendant's conduct that violated his constitutional rights.  This argument misses the point. Defendant Padgett does not allege that she was not at the scene of the incident as the alleged beating took place but only that there is no evidence she obeyed the order not to video the incident. (ECF No. 89 at 15–16.)

The constitutional violation alleged is not simply the failure to record the incident but the failure to intervene to take action to protect the Plaintiff.

While taking a video of the incident might be one of the actions Padgett could have taken that was by no means the only action she could have taken to protect the Plaintiff.  The law is well settled in the Eleventh Circuit that "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002). This is true even if the officer did not herself use excessive force on the prisoner. *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1342 (11th Cir. 2007). An officer's liability, however, "only arises when the officer is in a position to intervene and fails to do so." *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 924 (11th Cir. 2000). Defendant Padgett does not assert she was not in a position to intervene and does not offer any arguments as to whether the other officers used excessive force on Plaintiff.

    Because Defendant Padgett was present during the incident and did not take any actions to prevent the incident, he conduct might give rise to a constitutional violation assuming the beating occurred as Plaintiff alleges. Accordingly, at this stage and on this record, Defendant Padgett is not entitled to qualified immunity. *Cf. Skrtich*, 280 F.3d at 1305 (noting that

"[t]he district court properly concluded that the officers who allegedly administered or failed to intervene in this beating are not entitled to qualified immunity").

## V.  CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendants' Motion for Summary Judgment, ECF No. 89, should be **GRANTED in part and DENIED in part.**

**IN CHAMBERS** this 15th day of February 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**