IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

YVELAN PIERRE,

    Plaintiff,

v.                                    CASE NO. 4:15-cv-148-RH-GRJ

D. PADGETT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 124, Plaintiff's Motion for

Summary Judgment Regarding Defendant Coulliette. Defendant has filed a

response in opposition to Plaintiff's motion for summary judgment. (ECF

No. 125.) The motion is, therefore, ripe for review. For the reasons

explained below, the Court recommends that Plaintiff's motion for summary

judgment be denied.

## I. INTRODUCTION

Plaintiff ("Mr. Pierre"), an inmate in the custody of the Florida

Department of Corrections ("FDOC"), is proceeding *pro se* pursuant to 42

U.S.C. § 1983. (ECF No. 1 ("Compl.").) Mr. Pierre's claims against

Defendant ("Officer Coulliette") center around an incident that occurred at Taylor Correctional Institution Annex ("Taylor C.I. Annex") while Mr. Pierre was incarcerated there. (Compl.) Mr. Pierre alleges that Officer Coulliette and the other named Defendants violated his Eighth, Fourteenth, and First Amendment rights by using excessive force in retaliation for Mr. Pierre filing grievances against FDOC officers. (*Id.* at 6.)

Mr. Pierre filed a motion for summary judgment, arguing that he has shown through evidence that Officer Coulliette violated his constitutional rights. Specifically, he alleges that the evidence supports that Officer Coulliette threatened him and used excessive force on him. As relief, he requests "nominal damages in the amount of $15,000,000.00." (ECF No. 124.)

In support of Mr. Pierre's motion, he submitted a declaration from Terry Pryor (ECF No. 124 at 6–8 ("Pryor Dec.")); a witness statement from Kevin Flagg (*Id.* at 9 ("Flagg Statement")); his post-use-of-force exam records (*Id.* at 10–15 ("Force Exam")); a transfer order (*Id.* at 16); an incident report from a complaint by Mr. Pierre's mother related to allegations of staff abuse (*Id.* at 17–18); an incident report by Defendant Freeman (*Id.* at 19–20); his own witness statement (*Id.* at 21 ("Pl.

Statement")); inmate grievances and responses (*Id.* at 22–24, 29); Bureau of State Investigations case summary (*Id.* at 26); an incident report by Officer Brigalia (*Id.* at 27); and Mr. Pierre's disciplinary report resulting from the incident (*Id.* at 28 ("DR")).

Mr. Pierre has not submitted his own sworn affidavit or declaration in support of his motion for summary judgment. However, because his complaint is signed under penalty of perjury, the Court can properly treat the complaint like a sworn affidavit. *See Sammons v. Taylor*, 967 F.2d 1533, 1545 n.5 (11th Cir. 1992) ("[T]his Court has recognized that facts alleged in an inmate's sworn pleading are sufficient [to defeat a properly supported motion for summary judgment] and that a separate affidavit is not necessary."). But only admissible evidence may be considered. *See Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (stating that a court cannot consider inadmissible hearsay when ruling on a motion for summary judgment). The Court, therefore, may consider the admissible sworn allegations in Mr. Pierre's complaint in addition to the evidence before the Court in ruling on the motion for summary judgment.

In Officer Coulliette's response, he argues that his account of the events is different from Mr. Pierre's account and that there is a conflict in

the substantial evidence. (ECF No. 125.) With his response, Officer

Coulliette included his own declaration (ECF No. 125-1 ("Def. Dec.")) and a

use of force report (ECF No. 125-2 ("Force Report")).

## II. EVIDENCE

Mr. Pierre's account of events as relevant to Officer Coulliette[1] is as

follows. On April 11, 2011, Mr. Pierre was scheduled to be transferred from

Taylor C.I. Annex to another institution.[2] Mr. Pierre was then shackled at

the ankles and handcuffed. During the process of preparing Mr. Pierre for

transfer, Officer Coulliette and another Defendant threatened Plaintiff,

saying, "You think this is over don't you? Well we got something for you,

we're going to beat your ass." (Compl. at 4; ECF No. 124 at 16.)

While other officers were escorting Plaintiff from confinement,

Plaintiff alleges they attacked him by tripping him, kicking him, and

spraying him with pepper spray. Mr. Pierre states that during this attack

Officer Coulliette and another Defendant ran out of J-Dormitory and joined

---

[1] In Mr. Pierre's complaint, he refers to Officer Coulliette as Defendant Clay. Through discovery, Mr. Pierre learned of his true identity: Matthew Coulliette. (ECF No. 91 at 4.)

[2] Although Mr. Pierre was incarcerated at Taylor C.I. Annex at the time of the alleged incident, he is currently incarcerated at Everglades Correctional Institute. (Compl.)

in the attack by kicking and punching Mr. Pierre in the head, face, ribs, and back. (Compl. at 4–5; Pryor Dec.; Flagg Statement; Pl. Statement.)

Once the beating ended, Mr. Pierre was held on the ground until the captain arrived. He was then taken back into the confinement building to shower and receive medical treatment. Mr. Pierre later filed a staff abuse report. (Compl. at 4–5; Force Exam; Force Report.)

Mr. Pierre argues that this incident was in retaliation for the staff abuse reports and complaints he filed against other officers. Additionally, Mr. Pierre alleges that officers addressed Plaintiff as "nigger" and filed a falsified disciplinary report against Mr. Pierre the following day. (Compl. at 4–5; Pl. Statement; DR.)

Officer Coulliette tells a different story. According to Officer Coulliette, he never made any threats to Mr. Pierre. He also never joined in or witnessed anyone kicking and punching Mr. Pierre in the head, face, ribs, and back. (Def. Dec.)

Officer Coulliette relies upon the disciplinary report and use-of-force report to describe the incident. According to the reports, while Mr. Pierre was being escorted for transfer, he was attempting to break free and became combative. After Mr. Pierre refused to comply with verbal orders

and after he attempted to head butt another officer, Mr. Pierre was forced to the ground and sprayed with chemical agents by an officer. Following the use of chemical agents, Mr. Pierre complied and the officers ceased using force. Mr. Pierre was then escorted back to confinement, permitted to shower, and examined. (Force Report; DR.)

### III.  SUMMARY JUDGEMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), the entry of summary judgment is appropriate when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988).

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she

must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987).

The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785–86 (11th Cir. 2005).

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgement stage.

*Beard v. Banks,* 548 U.S. 521, 530 (2006). Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. *See, e.g., Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

The Court must view the evidence and inferences drawn from the underlying facts in the light most favorable to the non-movant. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). But, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a

court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013) (internal quotations and citations omitted); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) (stating that to defeat summary judgment "there must be evidence on which the jury could reasonably find for the plaintiff"). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Brown v. City of Clewiston,* 848 F.2d 1534, 1540 n.12 (11th Cir.1988) ("The summary judgment standard requires that we resolve all reasonable doubts in favor of the non-moving party, but it does not require us to resolve all doubts in such a manner.").

## IV.  DISCUSSION

Mr. Pierre claims that Officer Coulliette violated his First and Eighth Amendment rights by threatening him and participating in a physical attack against him in retaliation for filing grievances against other officers. Mr. Pierre argues that the evidence is clear, proving that a violation of his constitutional rights occurred. (Compl.; ECF No. 124.)

With regard to Mr. Pierre's Eighth Amendment claims, the Eighth Amendment provides the right to be free from cruel and unusual

punishment. U.S. Const. amend. VIII. In a prison setting, force is deemed

legitimate under the Eighth Amendment as long as it is used "in a good

faith effort to maintain or restore discipline [and not] maliciously and

sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320–21

(1986). A variety of factors are considered in determining whether the force

was applied maliciously or sadistically, including the extent of injury, the

need for force, the relationship between that need and the amount of force

used, the threat reasonably perceived by the prison officials applying it,

and any efforts made to temper the severity of the force used. *Hudson v.

McMillian,* 503 U.S. 1 (1992). Where there are *de minimis* injuries, a

plaintiff "will ultimately have to prove not only that the assault actually

occurred but also that it was carried out 'maliciously and sadistically' rather

than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins

v. Gaddy*, 559 U.S. 34, 40 (2010) (quoting *Hudson*, 503 U.S. 1).

    With regard to Mr. Pierre's First Amendment claims, "[t]he First

Amendment forbids prison officials from retaliating against prisoners for

exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248

(11th Cir. 2003). An inmate is considered to be exercising his right of free

speech when he complains to prison administrators about the conditions of

his confinement. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

"An inmate may maintain a cause of action for retaliation under 42 U.S.C. § 1983 by showing that a prison official's actions were 'the result of the inmate's having filed a grievance concerning the conditions of his imprisonment.'" *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (quoting *Farrow*, 320 F.3d at 1248). Further, where allegations of threats are at issue, under the First Amendment the question is not whether the threat was actually carried out, "but whether the alleged threat itself was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *Pittman v. Tucker*, 213 F. App'x 867, 871 (11th Cir. 2007).

After a careful review of the summary judgment evidence submitted by the parties, the Court determines that there is a genuine dispute of material facts, and therefore Mr. Pierre is not entitled to summary judgment.

Mr. Pierre says in his sworn complaint that Officer Coulliette threatened him, saying, "You think this is over don't you? Well we got something for you, we're going to beat your ass." He then says that while other officers were beating him and spraying him in the course of moving

him for transfer—during which he was handcuffed and shackled—Officer

Coulliette exited J-Dormitory and joined in the attack by kicking and

punching Mr. Pierre in the head, face, ribs, and back. Mr. Pierre argues

that the threat and the attack were in retaliation because he filed

grievances against other officers, and he attached copies of grievances

filed before the attack that allege staff abuse.[3] (Compl.; ECF No. 124 at

22–24, 29.)

Mr. Pierre supports his version of events with statements from two

eye-witnesses. One inmate, Mr. Pryor, provided a declaration under

penalty of perjury that recounts events similar to those described by Mr.

Pierre. He says he saw an officer trip Mr. Pierre and strike him in the back

of the head with a closed fist and that other officers were punching and

kicking Mr. Pierre before he was sprayed with chemical agents. Further, he

says that he saw two other officers run out and starting kicking and

---

[3] Officer Coulliette identifies discrepancies between Mr. Pierre's version of
events as stated in his complaint and Mr. Pierre's version of events as portrayed in the
witness statement he wrote following the event. In his witness statement there is no
mention that Officer Coulliette threatened him. Additionally, in his witness statement it
seems that all the officers were involved in the alleged beating at the same time, rather
than Officer Coulliette joining them after Mr. Pierre was on the ground, as alleged in the
complaint. (ECF No. 125 at 4–5.)

punching Mr. Pierre too.[4] (Pryor Dec.) A witness statement from an inmate being transferred with Plaintiff, Mr. Flagg, says he saw Mr. Pierre jumped on by a few officers but did not know the reason why, although he notes that Mr. Pierre was in shackles and could not have resisted the officers. (Flagg Statement.) Neither account, however, identifies Officer Coulliette by name.

Mr. Pierre also supports his version of events with the injuries noted in the use-of-force exam following the alleged beating. These injuries include a 2½ inch by 2½ inch abrasion at the top of his left shoulder; three small abrasions on top of his left hand and below his second and third knuckles; abrasion on his right upper abdomen; small abrasion on left elbow; 1-inch circular abrasion on left outer knee; small oblong abrasion below right knee; abrasion over left brow and temple with bruising; small amount of blood from right nostril; and two small nodules over and behind right ear. Further, he complained of pain in his lower back and neck. (Force Exam; ECF No. 126.)

On the other hand, Defendant Coulliette says under penalty of perjury that he did not threaten Mr. Pierre nor did he join in or see anyone

---

[4] Officer Coulliette also points out that Mr. Pryor's account differs from Mr. Pierre's version of events in his complaint in that it only mentions four officers rather than seven. (ECF No. 125 at 3–4.)

beating Mr. Pierre. (Def. Dec.) Officer Coulliette, however, does not provide

any statement or evidence as to what was his involvement, if any, in the

use of any force against Mr. Pierre, regardless of the reason the force was

used. Officer Coulliette also makes no mention of any grievances filed by

Mr. Pierre, of his claims of retaliation, or of his injuries. Instead, in

describing the events, he relies on a disciplinary report that says other

officers used necessary force to cause Mr. Pierre to become compliant,

including placing him on the ground and using chemical agents, when he

was acting combative and refusing to obey verbal orders.[5] (Def. Dec.;

Force Report; DR.)

Clearly, both versions of events cannot be true. A genuine dispute

exists whether Officer Coulliette threatened Mr. Pierre or used force on Mr.

Pierre, which in turn creates a genuine dispute of material fact as to

whether the force used—if it was used—was applied maliciously or

sadistically. One factor to consider in determining whether any alleged

force was applied maliciously or sadistically is whether Officer Coulliette

---

[5] With regard to Officer Coulliette, the use-of-force report states that "Officer
Matthew Coulliette relieved Officer Slaughter of his grasp of Inmate Pierre" after Mr.
Pierre was sprayed with chemical agents and the response team arrived on the scene.
(Force Report.) Officer Coulliette is not mentioned anywhere else in the report.

acted in retaliation. The injury sustained is also a factor to consider.

*Hudson,* 503 U.S. at 7. Notably, although the Court has previously found

that there was only a *de minimis* injury,[6] if the force was "carried out

'maliciously and sadistically' rather than as part of 'a good-faith effort to

maintain or restore discipline,'" the force would be considered excessive

and thereby violate Mr. Pierre's Eighth Amendment rights. *See Wilkins*,

559 U.S. at 40.

"[A]t the summary judgment stage the judge's function is not himself

to weigh the evidence and determine the truth of the matter but to

determine whether there is a genuine issue for trial." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 249 (1986). As a result of the genuine disputes

of material facts that exist as discussed above, Mr. Pierre's motion for

summary judgment is due to be denied.

Lastly, with regard to Mr. Pierre's request for nominal damages, the

Court finds clarification necessary. Because the Court previously found

that Plaintiff's alleged injuries are no more than *de minimis*, Plaintiff is only

---

[6] In addressing a motion for summary judgment filed by other Defendants, the Court found that Mr. Pierre failed to prove that he suffered more than *de minimis* physical injuries and, therefore, is precluded under the PLRA from bringing claims for punitive and compensatory damages. Thus, the Court found that Mr. Pierre is only entitled to a claim for nominal damages against Defendants. (ECF Nos. 108, 112.)

entitled to a claim for nominal damages against all Defendants, including

Officer Coulliette. (ECF Nos. 108, 112, 123.) In Mr. Pierre's motion for

summary judgment, however, he requests nominal damages in the amount

of $15,000,000. (ECF No. 124.)  And in his reply, he requests $30,000,000

against all Defendants. (ECF No. 126.)

Mr. Pierre is advised that entitlement to bring a claim for nominal

damages is not an entitlement to bring a claim for damages in the amount

of his choosing. An award of nominal damages is typically an award of one

dollar. *See Carey v. Piphus*, 435 U.S. 247, 266–67 (1978) (stating that if

"entitled to recover nominal damages [they are] not to exceed one dollar");

*Merritt v. Stewart*, No. 3:13cv607/LAC/EMT, 2016 WL 1055247, at *5 (N.D.

Fla. Feb. 26, 2016) (noting that "nominal damages" are "usually[] one

dollar"); *Osterback v. Ingram*, No. 3:96CV580/LAC/SMN, 2000 WL 297840,

at *11 (N.D. Fla. Jan. 12, 2000) (recommending "that plaintiff be awarded

nominal damages of one dollar"). Accordingly, to the extent that Mr. Pierre

seeks nominal damages for an amount exceeding one dollar, his claim for

that amount is due to be dismissed.

## V.  CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Plaintiff's Motion for Summary Judgment Regarding Defendant Coulliette, ECF No. 124, should be **DENIED.**

**IN CHAMBERS** this 25th day of September 2017.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**